RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUL 12  A 11: 29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Esteban M. Weber, # 279818, ) | C. A. No. 2:04-2405-MBS-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael Stephan; John Parrish;) | |
| Timothy McCoy; Herman Wright; ) | |
| FNU Smalls; FNU Carey; FNU ) | |
| Mackey; FNU Maxey; FNU Cantey;) | |
| FNU Thomas; John Doe, Sued in ) | |
| Their Individual Capacities; ) | |
| Robert S. Ward; and William ) | |
| White, Sued in Their ) | |
| Individual and Official ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Esteban M. Weber, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

defendants' motion for summary judgement filed on January 31, 2005, and the plaintiff's motion to amend his complaint filed on April 28, 2005. 28 U.S.C. § 636(b).

On July 27, 2004, Weber filed the instant civil rights case against Michael Stephen, John Parrish, Timothy McCoy[2] Herman Wright; FNU Smalls, Susan Carey, Marty Mackey, John Maxey, Lawrence Cantey, Thomas James, Robert E. Ward, William White, and John Doe. Defendants Ward and White are sued in their official capacities and the other defendants are sued in their individual capacities. All defendants were employed by the Broad River Correctional Institution (BRCI), a facility of the South Carolina Department of Corrections (SCDC) at the relevant times.

Weber's allegations taken as true here are that the defendants on October 6 and 25, 2002,[3] made him endure a cold and dirty cell for a short period of time, transported him without clothing to Gilliam Psychiatric Hospital (GPH) for evaluation and observation, and housed him for a short period in a cell block occupied by prisoners who had tested positive for HIV and/or AIDS. He asserts that these acts violated his Eighth Amendment rights, and he seeks monetary, declaratory and injunctive relief.

---

[2] Timothy McCoy is overseas serving in the military. The plaintiff has not made any allegations specifically against defendant McCoy.

[3] Defendant's records indicate the complained of dates were actually October 8, 2004, and October 29, 2004.

Although Weber's medical records do not indicate he was injured by any of the aforementioned acts of the defendants, he nonetheless asserts that, as a result of his treatment, he was forced to go on a hunger strike, smear another inmate's feces over his body, and "is not sure if" he ingested same. Lastly, Weber "broke down" and slashed himself across his midsection sixteen (16) times with another inmate's razor, which he speculates "could" have been caused by the defendants' acts.

Discovery has been had and the defendants' have withdrawn any assertion that Weber had not complied with the exhaustion requirement of the Prison Litigation Reform Act.[4]

On February 8, 2005, Weber was provided a copy of the defendants' motion with affidavits and exhibits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On April 27, 2005, Weber filed his opposition to the defendants' motion along with affidavits and exhibits. Hence, it appears consideration of the motion is appropriate.

---

[4] On March 22, 2005, a motions hearing before the undersigned was held in Columbia, South Carolina, at which time a plethora of plaintiff's nondispositive motions were resolved.

3

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252. Hence, it appears consideration of the motion is appropriate.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motion for summary judgment should be granted and the plaintiff's motion denied.

The plaintiff's case is fatally flawed because the actions of which he complains did not produce an injury of constitutional magnitude. See, e.g., Ingraham v. Wright, 430 U.S. 651 (1977). The plaintiff has not alleged or shown otherwise that he suffered any, or at the least, more than a di minimus injury as a result of incidents on October 8, 2002, and October 29, 2002, or at any other time to which he may have alluded in his complaint.

Likewise, review of the defendants' affidavits and exhibits indicates that the plaintiff was not injured during either incident with the security staff or otherwise. In fact, it is undisputed that at the time in question the plaintiff was on a

self imposed hunger strike, threatening suicide, and refusing to go to Gilliam Psychiatric Hospital to be evaluated as ordered by the BRCI medical staff. The mere incantation by a plaintiff of "physical and mental injury," of course, is inadequate to survive a motion for summary judgment. At a minimum, an inmate must specifically describe not only the injury but also its relation to the allegedly unconstitutional condition. Strickler v. Waters, 989 F.2d 1375, 1381 n.9 (4th Cir. 1993); see also, Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). The plaintiff here has done neither.

In short, lack of a sufficient injury forecloses Plaintiff's excessive force claims. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (noting in context of Eighth Amendment excessive force claims that absent extraordinary circumstances de minimus injuries preclude a claim of excessive force).

Similarly, plaintiff's complaints concerning his conditions of confinement fail. To succeed on any Eighth Amendment claim for cruel and unusual punishment in conditions of confinement, a prisoner must prove: (1) objectively that the deprivation of a basic human need was sufficiently serious, and (2) subjectively that the prison officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991); Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).

6

Again, since the plaintiff has not identified an injury suffered because of the deprivation of a basic human need so serious that it violated contemporary standards of decency, his claim fails. Plaintiff speculation that his brief exposure to a cold and dirty cell caused him to harm himself is simply insufficient. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)("unsupported speculation is not sufficient to defeat a summary judgment motion.").

The plaintiff's complaint that he was transported to the mental hospital without clothing and also spent time in a cell without clothing is adequately explained by the defendants. The defendant Lawrence Canty, Jr., a licenced social worker and the SCDC Human Services Coordinator, avers that the plaintiff was given a paper gown in lieu of conventional clothing to wear for his own safety because of his suicidal behavior. Likewise Michael Stephan, Lieutenant in the special management unit where the plaintiff was housed affied that the plaintiff's clothing was limited for his own safety because of the plaintiff's "constant suicidal behavior." Marty S. Mackey, Nurse Administrator of the Broad River Correctional Institution affied that she was familiar with the facts of this case and that the plaintiff was a risk of danger to himself, staff, and to other inmates. Plaintiff was placed on Crisis Intervention on October 6, 2002, because of his threats that he would commit suicide and that all restrictions

placed on him thereafter were the result of extensive suicide prevention based on monitoring his threats and behavior.

The Supreme Court decided Wilkinson v. Austin on June 13, 2005, and reiterated that courts unquestionably should be reluctant to second-guess prison administrators' opinions about the need for security measures. ___ S.Ct. ___, 2005 WL 1383625. The Court noted that "The State's first obligation must be to ensure the safety of guards and prison personnel, the public, and the prisoners themselves. See, Hewitt v. Helms, 459 U.S. 460, at 473, 103 S.Ct. 864."

The measures taken to protect the safety of everyone involved in dealing with the plaintiff and his suicidal behavior are peculiarly within the province and professional expertise of corrections officials and medical staff. Where there is an the absence of evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters. See, e.g., Pell v. Procunier, 417 U.S. 817, 94 S.Ct. 2800 (1974). Against that background, it appears that Weber has not shown facts giving rise to a constitutional violation, and he is not entitled to relief on this claim.

Weber has moved to amend his complaint to add claims that the facts already pled also constitute violations of the First, Fourth, and Fourteenth Amendments, to delete his claims against

defendants Ward and White in their official capacities, to increase his prayer for damages by millions of dollars, and to make other amendments which plaintiff characterized as "minor ones such as names, dates, incidents, details, etc." (Plaintiff's motion to amend complaint, page 2). Defendants oppose the motion. Review of plaintiff's twenty (20) page proposed amended complaint reveals that the amendments are repetitive, unnecessary, and futile. To the extent plaintiff seeks to bring factually new claims, he may file a new complaint. The motion should be denied.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion for summary judgement be granted, the plaintiff's motion to amend his complaint be denied, and all other motions be deemed moot.

Respectfully submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July ___, 2005

9

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**